THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
EARL B. HILL, Appellant.

(Submitted December 10, 1909; decided December 17, 1909.)

MOTION to enlarge time for argument under section 536 of
the Code of Criminal Procedure.

*William H. Sullivan* for appellant.

*James P. Hill, District Attorney,* for respondent.

*Per Curiam.* This is a case in. which the judgment
appealed from is of death, and in which the statute requires
that the appeal must be brought on for argument within six
months from the taking thereof unless the court for good
cause shown shall enlarge the time for that purpose. (Code
Crim. Proc. § 536.)

The appellant was sentenced to death on the 8th day of
May, 1909. The appeal was taken on June 15th, 1909.
Counsel for the appellant now asks that the time for the argu-
ment of the appeal be enlarged until March next on the
ground that he has been unable as yet to procure the stenog-

rapher's minutes of the trial.    He states that he ordered the minutes from Lewis A. Carroll, the official stenographer, on May 6th, 1909, and that the trial court directed the said stenographer to comply with his order, but the minutes have not yet been furnished either to the counsel for the appellant or to the district attorney of Chenango county, although both have from time to time urged that the minutes should be fur- nished as soon as possible.    The excuse given is that the sten- ographer has had extra work since the trial by reason of the fact that he has had to act in place of another stenographer in the district who has been ill and consequently unable to attend the courts.    This statement is confirmed by an affidavit from the stenographer himself, who adds that the testimony in the case will amount to something like two thousand folios, which he will probably be able to deliver within two or three weeks from December 1st, 1909.

While neither the counsel for the appellant nor the district attorney appears to be at fault, we think that the excuse suggested in behalf of the official stenographer is insufficient.    The summer vacation has intervened since the trial, and during that period no other of his official duties ought to have been regarded as more important than the transcription of the minutes in this case.    He does not appear to have been ill himself, and no reason is given why he could not then have done this work.    If stenographers will not promptly perform their duties in cases of this character, their refusal or omission to do so without adequate excuse consti- tutes good cause for discipline.

It is suggested that three months will be required to print the record after the minutes are furnished ; but we think that, with due diligence on the part of counsel, the case ought to be prepared and ready for argument by the 14th day of February next, and we will enlarge the time until that date.    The appli- cation is, therefore, granted to the extent indicated.

All concur.

Ordered accordingly.